## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: | In Proceedings under Chapter 13 |
| ROBERT E. FINLEY, III<br>CHARITY L. FINLEY, | |
| | Bk. No. 12-41457 |
| Debtor(s). | |
| RUSSELL C. SIMON,<br>Chapter 13 Trustee, | |
| Plaintiff(s), | |
| | Adversary No. 18-4011 |
| v. | |
| ROBERT E. FINLEY, III<br>CHARITY L. FINLEY, | |
| Defendant(s). | |

## OPINION

This matter is before the Court on the Chapter 13 Trustee's Complaint to Revoke the Debtors' Discharge under 11 U.S.C. § 1328(e). The Debtors/Defendants filed an amended motion to dismiss the complaint for failure to state a claim upon which relief can be granted. A hearing on the motion was held on August 20, 2018, at which time the Court granted the Debtors' motion. This Order serves as the written record of the Court's oral findings and conclusions.

The Debtors filed a Chapter 13 case on November 30, 2012. Pursuant to paragraph 3A of their Second Amended Plan, the Debtors were to pay ongoing post-petition mortgage payments directly to Ocwen Loan Servicing, LLC.[1] Paragraph 3C provided for the cure of a pre-petition arrearage in the amount of $425.00. The Second Amended Plan was confirmed on July 9, 2013.

---

[1] On October 5, 2015, Ocwen Loan Servicing transferred its claim to Federal National Mortgage Association, and on January 12, 2017, Federal National Mortgage Association transferred its claim to US Bank Trust NA, as Trustee for LSF9 Master Participation Trust.

Debtors filed a total of four amended plans during the case. None of the plans changed the treatment of the mortgage payments.

On December 28, 2017, the Trustee filed two documents: (1) a Notice of Final Cure Payment, indicating that a $425.00 mortgage arrearage had been cured through the plan, and that the Debtors had paid monthly ongoing mortgage payments directly to the creditor; and (2) a Report of Plan Completion indicating that the Debtors had completed their payments to the Trustee under the terms of their Chapter 13 Plan. The Debtors then filed a Motion for Entry of § 1328(a) Chapter 13 Discharge on January 10, 2018, stating in part that they had made all payments required by the most recent confirmed or approved Chapter 13 Plan. Objections to the Motion for Discharge were due by January 31, 2018. No objections were filed and on February 1, 2018, the Court entered an Order of Discharge.

On January 16, 2018 – after the Motion for Discharge was filed and before the Order of Discharge was entered – the mortgage creditor filed a Response to the Trustee's Notice of Final Cure Payment. The creditor's Response stated that the Debtors were delinquent in post-petition mortgage payments in the amount of $70,869.24. The Debtors have not disputed this delinquency.[2]

On February 22, 2018, the Trustee filed the instant Complaint to Revoke the Debtors' Discharge ("Complaint"). The Trustee's Complaint is brought under § 1328(e) of the Bankruptcy Code, which provides in part as follows:

> On request of a party in interest before one year after a discharge under this section is granted, and after notice and a hearing, the court may revoke such discharge only if—
>
> (1) such discharge was obtained by the debtor through fraud; and

---

[2] At a later hearing, the Court approved the Trustee's Notice of Final Cure, finding that the Trustee had made all of the payments he was required to make, even though the Debtors had not.

Despite the large delinquency in post-petition payments, the mortgage creditor did not seek relief from the automatic stay.

    (2) the requesting party did not know of such fraud until after such discharge was granted.

11 U.S.C. § 1328(e). The Trustee's Complaint alleges that the Debtors' discharge was obtained by fraud. Specifically, the Trustee asserts that the Debtors' statement in their Motion for Discharge that all payments under the plan had been made was a material misstatement because, in fact, they had not made the required ongoing monthly mortgage payments. The Trustee asserts that this material misstatement rises to the level of fraud and that he was not aware of such fraud until after the discharge was granted.

  The Debtors filed an amended motion to dismiss the Complaint under Fed.R.Civ.P. 12(b)(6) for failure to state a claim for relief.[3] They admit that in order to receive a discharge under §1328(a), they must complete all payments under their plan.[4] According to the Debtors, however, payments that are made directly to a creditor outside of the plan are not payments "under the plan." Thus, the statement in their Motion for Discharge that they had made all payments required by the most recent confirmed or approved Chapter 13 Plan is not a fraudulent statement, but rather a truthful and accurate statement of the facts. The Debtors further argue that the Trustee had notice of their failure to make post-petition mortgage payments in plenty of time to file an objection to their Motion for Discharge. Therefore, Debtors contend, the Trustee fails to satisfy § 1328(e)(2)'s requirement that he did not know of such fraud until after the discharge was granted.

  The Debtors rely on *In re Gibson*, 582 B.R. 15 (Bankr.C.D.Ill. 2018) for the proposition that direct payments to their mortgage creditor are not payments under the plan. After a thorough

---

[3] Rule 12(b)(6) is made applicable to adversary proceedings by Bankruptcy Rule 7012(b).

[4] Section 1328(a) provides, in relevant part, "Subject to subsection (d), as soon as practicable *after completion by the debtor of all payments under the plan* … the court shall grant the debtor a discharge…." 11 U.S.C. § 1328(a) (emphasis added).

analysis of § 1328(a) and the meaning of "payments under the plan," the Court in *Gibson* concluded as follows:

> This Court holds that a Chapter 13 debtor's direct payments on a nonmodifiable, nondischargeable residential mortgage loan, provided for under section 1322(b)(5), are not "payments under the plan" for purposes of section 1328(a). A debtor's failure to complete all such direct payments is not grounds to dismiss the case without a discharge…. The payments that the Debtors were required to make to the Trustee, i.e., "all payments under the plan," have been completed. Under these circumstances, the Debtors are entitled to a full compliance discharge under section 1328(a).

*Id*. at 24.

The Court respectfully disagrees with the *Gibson* decision and instead adopts the majority view that "payments under the plan" refer to any payment made pursuant to a chapter 13 plan, regardless of whether such payment is made by a debtor directly to the creditor or through the trustee. *See, e.g., In re Thornton*, 572 B.R. 738 (Bankr.W.D.Mo. 2017); *In re Gonzales*, 532 B.R. 828 (Bankr.D.Colo. 2015); *In re Heinzle*, 511 B.R. 69 (Bankr.W.D.Tex. 2014); *In re Russell*, 458 B.R. 731 (Bankr.E.D.Va. 2010). When a chapter 13 debtor proposes a plan, payments to mortgage creditors (and to all secured creditors for that matter) must be addressed in that plan. Otherwise, those creditors are left to guess how they will be paid. Whether the trustee is the disbursing agent for the mortgage payment or the debtor is paying the creditor directly does not matter. In either case, the payments are "payments under the plan." In short, "[a] standard discharge under § 1328(a) requires completion of all 'payments under the plan' and that language plainly embraces payments that a plan provides will be made directly by the debtor to a creditor." *In re Gonzales*, 532 B.R. at 832.

In light of the Court's ruling on this issue - and because the Debtors do not dispute the delinquency on their mortgage – it is clear that the Debtors did not complete all payments required

4

by the plan. The Debtors' statement in their Motion for Discharge that they *did* complete all payments is simply not true. Whether such a statement rises to the level of fraud, however, is not a question that the Court must resolve in this case. The Trustee's Complaint fails on other grounds. Specifically, the Trustee does not satisfy the requirement found in § 1328 that he had no knowledge of the alleged fraud before entry of the discharge order.

The mortgage creditor's Response to the Trustee's Notice of Final Cure Payment was filed on January 16, 2018, six days after the Debtors filed their Motion for Discharge. The Response clearly stated that the Debtors were delinquent in post-petition mortgage payments in the amount of $70,869.24. The Trustee received notice of the creditor's Response. The deadline for objecting to the Debtors' Motion for Discharge was January 31, 2018, leaving 15 days for the Trustee to either object to the Debtors' Motion or seek an extension of time to object.[5] Because the Trustee had notice of the Debtors' failure to make post-petition mortgage payments in ample time to file an objection to their Motion for Discharge, § 1328(e)(2) bars the Trustee from now seeking to revoke the discharge.

In any event, the Debtors remain obligated to pay the post-petition delinquency owed to their mortgage creditor. That debt was not discharged in this bankruptcy proceeding. It is a debt covered by § 1322(b)(5), which provides:

> (b) Subject to subsections (a) and (c) of this section, the plan may …
>
> (5) notwithstanding paragraph (2) of this subsection, provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any unsecured claim or secured claim on which the last payment is due after the date on which the final payment under the plan is due….

---

[5] The 15-day period ran from January 16, 2018 – the date the creditor's Response was filed – to January 31, the deadline for objecting to the Debtors' Motion for Discharge.

11 U.S.C. § 1322(b)(5). Section 1328(a)(1) specifically excepts this type of debt from discharge. Therefore, despite the entry of a discharge order in this case, the Debtors must pay the mortgage creditor the $70,869.24 that was not paid pursuant to the terms of the Debtors' plan.

The Court notes once again that it was unnecessary in this case to decide whether or not the Debtors' statement that they completed all plan payments was fraudulent. Given the right set of facts, however, it is entirely possible that such statement may rise to the level of fraud. Debtors are advised to carefully consider the accuracy and truthfulness of statements made in their motions for discharge if they wish to avoid an objection to the motion or a later action seeking to revoke their discharge.

See Order entered this date.

ENTERED: August 28, 2018

/s/ Laura K. Grandy
UNITED STATES BANKRUPTCY JUDGE